438 March 5, 2025 No. 183

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Casey Charles MISER,
*Plaintiff-Appellant,*

*v.*

Patrick Stephan TODD,
*Defendant-Respondent.*

Marion County Circuit Court
22CV15521; A180415

Lindsay R. Partridge, Judge.

Argued and submitted January 22, 2025.

Casey Miser argued the cause and filed the briefs *pro se.*

Martin E. Hansen argued the cause for respondent. Also on the brief was Francis Hansen & Martin, LLP.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this civil case, plaintiff challenges the trial court's judgment of dismissal, raising four assignments of error.[1] In his first three assignments, he argues that the trial court erred in granting—on statute of limitations grounds—defendant's motion for summary judgment on his breach of contract claim. And in his last assignment, he argues that the trial court erred in awarding defendant attorney's fees. For the reasons that follow, we affirm.

A trial court must grant a motion for summary judgment when the record indicates "that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." ORCP 47 C. "We review an order granting summary judgment for errors of law, viewing the facts and all reasonable inferences that may be drawn from them in favor of the nonmoving party," who in this case is plaintiff. *McClusky v. City of North Bend*, 332 Or App 1, 4, 549 P3d 557, *rev den*, 372 Or 812 (2024).

We briefly recount the facts of this case. The parties entered a "Contract of Sale" on February 9, 2016, in which plaintiff agreed to purchase real property in Keizer from defendant for $400,000. The contract included a "Balloon Payment Date," which required that "[a]ll unpaid principal and all accrued but unpaid interest shall be paid in full on or before April 1, 2017," and it provided that "default shall occur *** [for] failure of Purchaser to make any payment within five days after it is due." The contract also included a "Prohibited Activities" clause, which barred plaintiff from using "all or any of the Property *** so as to constitute an 'illegal drug manufacturing site' *** or otherwise do or allow any act or omission on or about the Property that could subject the Property or Seller's or Purchaser's interest therein to forfeiture or the risk of forfeiture."

On February 15, 2017, the Salem Police Department searched the property, and plaintiff was later charged with

---

[1] In his reply brief, plaintiff asserts that he is challenging the trial court's judgment in its entirety, but plaintiff has developed arguments only as to the court's ruling on the breach of contract claim and the attorney fee award. Therefore, we address only those issues. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule[.]").

and pleaded guilty to multiple drug-related offenses. In addition, plaintiff failed to make a final balloon payment to defendant by the April 1, 2017, deadline.[2] Following those events, the parties entered negotiations to address the alleged default and breach. Eventually, defendant issued a notice of default on September 1, 2017, which the contract required before defendant could be entitled to certain "remedies of default."

On May 9, 2022, plaintiff filed a complaint against defendant alleging the following claims: breach of contract, unjust enrichment, conversion, specific performance, temporary restraining order and preliminary injunction, declaratory judgment, and intentional interference with economic relations. Defendant filed a motion for summary judgment on July 27, 2022, arguing, among other things, that plaintiff filed his claims for breach of contract and declaratory judgment outside the statute of limitations, ORS 12.060(1), and that defendant was entitled to attorney fees based on the terms of the contract and ORS 20.096. In response, plaintiff argued that, based on the parties' settlement negotiations and defendant's notice of default, the statute of limitations began running at a later date than the April 1, 2017, balloon-payment deadline. Plaintiff also argued that an earlier contract required that defendant attempt mediation or arbitration to receive attorney fees, and he did not.

In a letter opinion, the trial court granted defendant's motion for summary judgment. The trial made specific findings and conclusions as to plaintiff's breach of contract claim, and it concluded that plaintiff did not bring his claim within the five-year statute of limitations, ORS 12.060(1). The trial court wrote that "there is no argument that there was a recorded agreement that extended the final payment past April 1, 2017." For plaintiff's other claims, the trial court adopted defendant's arguments in its motion for summary judgment and reply. In its general judgment of dismissal, the trial court awarded defendant attorney fees in an amount to be determined pursuant to ORCP 68.

---

[2] Although the contract allowed five days after the April 1 deadline before plaintiff was in default, the parties and the trial court have referred to April 1 as the deadline, and we do the same. The five-day difference has no effect on the relevant analysis.

*Summary Judgment.* Plaintiff argues that the trial court erred in granting defendant's motion for summary judgment for three reasons: (1) the five-year statute of limitations was tolled due to the COVID-19 pandemic, (2) defendant's "Notice of Default" constituted an "agreement of record" to extend the final payment beyond the April 1, 2017, balloon-payment deadline, and (3) the parties' settlement discussions also created an "agreement of record" that extended the five-year statutory time limit.

In a claim for breach of contract for the sale of real property, a five-year statute of limitations exists from the date of maturity of the final payment "or from the date in which the final payment shall have been extended by an agreement of record." ORS 12.060(1).[3] We conclude that the trial court did not err when it granted defendant's motion for summary judgment, because plaintiff's claim was barred by the statute of limitations, and thus, defendant was entitled to judgment as a matter of law.

First, at the point in which plaintiff filed his complaint, the COVID-19 pandemic did not toll the statute of limitations for this suit.[4] The COVID-19 legislation only extended the statute of limitations for civil actions through December 31, 2021. *Mouton v. TriMet*, 331 Or App 247, 262, 546 P3d 1, *rev den*, 372 Or 718 (2024) (concluding that, due to the COVID-19 pandemic, the legislature extended the statute of limitations for civil actions via HB 4212, and that it was "unambiguous that the extension ended on December 31, 2021"). Plaintiff filed his complaint in May 2022, which is after the legislature's statute of limitations extension ended.

Second, plaintiff argues that defendant's notice of default, filed five months after plaintiff failed to make

---

[3]   ORS 12.060(1) states in full:

"(1)  Unless suit or action to enforce a contract for the sale of real property is instituted in the county in which the real property is situated within five years from the date of maturity of the final payment provided for in the contract, *or from the date to which the final payment shall have been extended by agreement of record*, the contract shall not thereafter be a lien, encumbrance, or cloud on the title of the property."

(Emphasis added.)

[4]   Defendant argues that plaintiff's arguments relating to the COVID-19 pandemic are not preserved. We need not resolve that preservation issue, however, because in any event, plaintiff's argument fails on the merits.

his balloon payment, constituted an "agreement of record" to extend the date in which his final payment was due. We conclude that defendant's notice of default did not constitute an "agreement of record" to extend the date for final payment; rather, the contract required the notice as a remedy for defendant to enforce the contract after plaintiff's default. *See* ORS 93.910 ("Whenever a contract for transfer or conveyance of an interest in real property provides a forfeiture remedy, * * * forfeiture of the interest of a purchaser in default under the contract may be enforced only after notice of the default has been given to the purchaser * * *."). The notice of default created an opportunity for plaintiff to "cure" the existing default, but it did not extend the balloon-payment deadline. *See* ORS 93.925 ("[I]f notice is given and purchaser does not cure the default within the period specified in ORS 93.915, the contract forfeiture remedy may be exercised and the contract shall not be reinstated by any subsequent offer or tender of performance.").

Lastly, plaintiff argues that the parties' settlement discussions extended the balloon-payment deadline. In those settlement contacts, defendant made an offer to settle the matter for a sum of money before "begin[ning] foreclosure proceedings." Defendant included a June 1, 2017, deadline for the offer's expiration, noting that if the parties did "not agree[] in principle in settlement" by that date, defendant intended to begin foreclosure proceedings. The evidence did not show that plaintiff had agreed to defendant's offer to settle. Therefore, we conclude that those discussions did not result in an "agreement of record" to extend the balloon-payment deadline. Accordingly, the trial court did not err when it concluded that plaintiff filed his complaint outside the statute of limitations, because the parties did not extend the date of maturity by an "agreement of record."[5]

*Attorney's Fees.* Plaintiff argues that the trial court erred in awarding defendant attorney's fees because a 2015

---

[5] In its letter opinion, the trial court also reasoned that an "agreement of record" pursuant to ORS 12.060(1) must be "recorded in the county records," because the statute uses the term "agreement of *record*," and because the statute says that, unless a party brings the suit within the statute of limitations, "the contract shall not thereafter be a lien, encumbrance, or cloud on the title of the property." We do not need to address that issue, however, because the parties never had an "agreement" to extend the final payment deadline, recorded or otherwise.

Residential Real Estate Sales Agreement ("2015 Contract") required that defendant, as the prevailing party, establish that he had offered to engage in mediation in order to receive attorney's fees. In plaintiff's complaint for breach of contract, he defined the parties' contract as their February 2016 agreement. The February 2016 agreement required that the "defaulting party shall pay, immediately on demand, the other party's reasonable attorney fees, collection costs, costs of either litigation or a foreclosure report *** and any other fees or expenses incurred by the non-defaulting party." In addition, the contract stated that,

> "if suit or action is instituted to enforce or interpret any of the terms of this Contract, *** the party not prevailing shall pay *** such sums as the court may determine to be reasonable for the prevailing party's attorney fees[;] *** [and], the Court shall award the prevailing party a reasonable attorney fee for collecting any resulting judgment."

Based on the February 2016 agreement, we conclude that the trial court did not err.

Although plaintiff argues that both parties referenced the 2015 Contract in their arguments on summary judgment, plaintiff's complaint defined the contract as the February 2016 agreement, and defendant's motion for summary judgment argued that he was entitled to fees based on the February 2016 agreement. In addition, the 2015 Contract fee provision appears to conflict with the 2016 provision, and those fee provisions could not be read together to require defendant engage in mediation before being entitled to attorney's fees. Because the 2015 Contract was not the basis for plaintiff's claims for breach of contract, we conclude that the trial court did not err in awarding defendant attorney's fees pursuant to the February 2016 agreement.

Affirmed.